IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 1:15-CR-00319-ELR-RGV |
| ) | |
| MICHAEL FORD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

**COMES NOW MICHAEL FORD**, Defendant herein, by and through his undersigned counsel, and files this Sentencing Memorandum.

As the Court is well aware, 18 U.S.C. § 3553(a) requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. Defendant respectfully asks this Court to consider the information below when determining a reasonable sentence in his case. For the reasons set forth below, Defendant submits that a sentence at the low-end of the applicable guideline range is appropriate in his case.

**A.     The History and Characteristics of Defendant**

Defendant is a thirty-six year old father with no prior criminal history. Defendant is a high school graduate who attended Valdosta State University. Defendant has struggled throughout his life with alcohol addiction and abuse and more recently has

suffered from bouts of severe depression.  Despite these struggles, and despite his current prosecution, Defendant continues to have strong support from his family and his friends in the community.  The attached letters attest to Defendant's exemplary character and commitment to others.  *See* Character Letters attached hereto as "**Exhibit A**" and incorporated by reference as if fully set forth herein.

In speaking with Defendant's friends and family, the one point that comes across most strongly is Defendant's devotion to his family and his incredible relationship with his son, Xander.  There can be no question upon reviewing Defendant's character letters or hearing from his friends and family that Defendant is a devoted father and a positive influence on his son's life.  Defendant's lack of any criminal history, as well as his commitment to reform his life and to remain a positive force in the life of his son, argue in favor of a low-end guideline sentence in this case.

Further, since his arrest, Defendant has fully accepted responsibility for his actions and has not taken any steps to hinder or obstruct his prosecution.  Immediately following his arrest, Defendant waived his *Miranda* rights and gave a nearly three-hour long statement to law enforcement agents wherein he acknowledged his participation in his criminal activity[1].  In this interview, Defendant expanded upon his criminal conduct in exhaustive detail, consented to searches of his electronic devices by law enforcement, and

---

[1] At Defendant's detention hearing the government characterized Defendant's statement as a "fairly full confession."

provided passwords to his devices and email accounts to further assist law enforcement in their collection of evidence.

Despite the strident yet specious arguments by the government that Defendant was incapable of controlling himself and that therefore he must be detained throughout the duration his case, Defendant was granted a bond and has been fully compliant with all conditions of his bond.  Defendant has had no violations while on bond and the government's concerns in this regard appear to have been allayed somewhat inasmuch as the government did not oppose the modification of Defendant's bond so that he could attend church services and faith-based counseling sessions.

Prior to being indicted, Defendant waived his right to a preliminary hearing and consented to the government's requests for additional time to bring an indictment against him on three separate occasions.  Upon being indicted, Defendant filed no pretrial motions in this case and quickly entered a plea of guilty to all Counts of the Indictment. Defendant has never once denied nor attempted to excuse his conduct in this case. Rather, he has acknowledged his wrongdoing, accepted responsibility for his actions, and demonstrated a commitment to reforming his behavior in the future.  Therefore, Defendant's actions throughout this case argue in favor of a low-end guideline sentence.

**A.    A Low-End Guideline Sentence is Consistent With The Sentences Received By Similarly Situated Defendants**

In determining the particular sentence to be imposed, this Court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records

who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Although the crimes for which Defendant has been convicted are relatively new in our age of digital devices and cloud storage, a low-end guideline sentence would fall in line with similar cases around the Country. *See United States v. Abrahams*, 8:13-CR-0199-JVS; United States District Court, C.D. Ca. (2014) (defendant convicted of hacking into approximately 100-150 victim accounts, including at least two underage teens, as part of a two-year "sextortion" scheme sentenced to 18 months); *United States v. Savader*, 2:13-CR-20522-MOP-PJK; United States District Court, E.D. Mi. (2014) (former Mitt Romney intern convicted of "sextortion" scheme involving at least 15 victims sentenced to 30 months); *United States v. Aaron Jerome Khan,* 1:14-CR-388-1; United States District Court, M.D. N.C. (2015) (defendant convicted of engaging in "sextortion" scheme and sending death threats to victim sentenced to 30 months); *United States v. Karen Kazaryan*, 2:13-CR-00056-GHK, United States District Court, C.D. Ca. (2013) (defendant convicted of "sextortion" plot involving over 370 victims, including minors, sentenced to 60 months); *United States v. August Jentsch*, 4:13-CR-00077-GAF; United States District Court, W.D. Mo. (2014) (defendant convicted of four-year period of cyberstalking and of possessing videos of him having oral sex with an underage minor victim sentenced to 60 months); *United States v. Luis Mijangos*, 2:10-CR-00743-GHK; United States District Court, C.D. Ca. (2011) (defendant convicted of hacking into the web cameras of approximately 230 women, many of whom were minors, and

surreptitiously recording them and threatening to expose their nude photographs, and who subsequently stole money from their bank accounts, sentenced to 72 months).

Therefore, as set forth above, a low-end guideline sentence is appropriate when this Court considers the sentences received by similar defendant in similar situations.

**WHEREFORE**, for the foregoing reasons, as well as additional arguments that Defendant will make at his sentencing hearing, Defendant submits that a low-end guideline sentence will satisfy all the factors set forth in 18 U.S.C. § 3553(a). Such a sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing.

**This, the 14th day of March, 2016.**

　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　*s/ Benjamin Black Alper*
　　　　　　　　　　　　　　　　　　BENJAMIN BLACK ALPER
　　　　　　　　　　　　　　　　　　Georgia Bar No. 940406
　　　　　　　　　　　　　　　　　　Attorney for Defendant Michael Ford

　　　　　　　　　　　　　　　　　　s/ *Howard Jarrett Weintraub*
　　　　　　　　　　　　　　　　　　HOWARD JARRETT WEINTRAUB
　　　　　　　　　　　　　　　　　　Georgia Bar No. 746456
　　　　　　　　　　　　　　　　　　Attorney for Defendant Michael Ford

**LAW OFFICES WEINTRAUB & ALPER, P.C.**
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)

law@howardjweintraubpc.com
C:\HJW\Client\M\Ford\SentencingMemo

## **CERTIFICATE OF COMPLIANCE**

This is to certify that to the best of my knowledge this document has been prepared with one of the font and point selections approved by the Court in LR 5.1B, pursuant to LR 7. Specifically, the above-mentioned document has been prepared using Times New Roman font, 14 point.

**This, the 14th day of March, 2016.**

*s/ Benjamin Black Alper*
BENJAMIN BLACK ALPER
Georgia Bar No. 940406
Attorney for Defendant Michael Ford

**LAW OFFICES WEINTRAUB & ALPER, P.C.**
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
law@howardjweintraubpc.com
C:\HJW\Client\M\Ford\CertificateOfCompliance

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 1:15-CR-00319-ELR-RGV |
| ) | |
| MICHAEL FORD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 14, 2016, I electronically filed this document using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Respectfully submitted,

*s/ Benjamin Black Alper*
BENJAMIN BLACK ALPER
Georgia Bar No. 940406
Attorney for Defendant Michael Ford

**LAW OFFICES WEINTRAUB & ALPER, P.C.**
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
law@howardjweintraubpc.com
C:\HJW\ClientMFord\CertificateOfService