IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 1:15-CR-00319-ELR-RGV |
| ) | |
| MICHAEL FORD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM

**COMES NOW MICHAEL FORD**, Defendant herein, by and through his undersigned counsel, and files this Response To The Government's Sentencing Memorandum. In response to the government's arguments in support of a ninety-six month sentence, Defendant shows as follows:

**A.   The Vulnerable Victim Enhancement Does Not Apply**

The government argues that the vulnerable victim enhancement should apply because Defendant supposedly targeted minor victims, as well as "financially desperate" adults. However, as set forth below, the government has waived this argument as it relates to any supposed "financially desperate victims." Further, the government's arguments that this enhancement should apply are meritless.

## I.   The Government Has Waived Any Argument Related To Financially Desperate Victims.

As an initial matter, the government has waived any argument that the vulnerable victim enhancement should apply because some victims were supposedly "financially desperate." In its memorandum, the government states that "Probation agreed that Ford's conduct targeting vulnerable victims**,** to include minors **as well as financially desperate adults**, should give rise to a two-level adjustment…" (**Doc. 50**, p. 20) (Emphasis supplied). This is not true. In explaining its reasoning for applying this enhancement to Defendant's fraud conviction, the Probation Officer stated that this enhancement should apply because some of Defendant's victims were minors. There is no mention by the Probation Officer whatsoever that this enhancement should apply because Defendant's victims were supposedly "financially desperate."

Further, in its objections to the initial PSR, the government only objected to the Probation Officer's decision not to apply the vulnerable victim enhancement to the computer crime and cyberstalking charges. The government's objections were limited to the application of this enhancement due to Defendant's minor victims. The government made no mention at all in its objections that this enhancement should also apply because Defendant's victims were supposedly "financially desperate." Rule 32(f) of the Federal Rules of Criminal Procedure requires that all objections to the PSR be made in writing within fourteen days after its receipt. Further, this Court advises parties in all criminal cases that their failure to submit timely objections to the PSR constitutes a waiver of

those objections. *See generally* "Notice To AUSA, Defendant or Defense Counsel Concerning The Presentence Report", attached to all Initial PSRs in this District.

In this case, the government failed to timely object to the Probation Officer's determination that the vulnerable victim enhancement only applied due to Defendant's conduct with minors. As such, the government has waived any objection or argument that the vulnerable victim enhancement should apply on any other basis, including the supposed financial desperation of Defendant's victims.

## II. The Vulnerable Victim Enhancement Does Not Apply To Defendant's Conduct

Even if the government had not waived its argument that Defendant's conduct should apply to financially desperate victims, this enhancement should not apply on any basis. As more fully articulated in Defendant's objections to the PSR, the vulnerable victim enhancement "**focuses chiefly on the conduct of the defendant and should be applied only where the defendant selects the victim due to the victim's perceived vulnerability to the offense.**" *United States v. Frank*, 247 F.3d 1257, 1259-1260 (11th Cir. 2001) (emphasis supplied), *citing*, *United States v. Malone*, 78 F.3d 518 (11th Cir. 1996). Further, a victim cannot be considered "vulnerable" based solely on their age or their membership in a particular class of individuals. *Frank*, *supra*, 247 F.3d at 1260. Therefore, determining whether the vulnerable victim enhancement applies is "a fact intensive inquiry that must be made on a case-by-case basis." *Id.*

In this case, there can be no argument that Defendant initially targeted minors and/or financially desperate individuals. Significantly, the vast majority of Defendant's victims were not minors nor is there any evidence to suggest that a large number of these individuals were financially desperate. It may be the case that some of Defendant's victims turned out to be minors or that some of Defendant's victims may have mentioned financial difficulties, but the evidence does not show that Defendant did specifically target minors or financially desperate people. The government argues that this enhancement should apply because once Defendant learned that his victims were minors or had financial difficulties he supposedly "seized upon them" and exploited these vulnerabilities once he became aware of them. However, there is no evidence to suggest that Defendant somehow changed his actions in any way towards his victims once he learned that they were minors or financially desperate in an attempt to exploit this vulnerability. Defendant's actions were consistent among all of his victims regardless of their age or financial situation.

Defendant agrees with the Probation Officer's determination that:

> "[T]he vulnerable victim guideline is primarily concerned with the impaired capacity of the victim to detect or prevent the crime and its finding is based on the victim's individual characteristics. Additionally, the enhancement is applicable only if the defendant knew or should have known of the victim's vulnerable status. Therefore, the probation officer did not determine that there were distinguishing factors pertaining to the conduct in Counts One through Sixteen that made the juvenile victims unusually vulnerable or otherwise particularly susceptible to the defendant's criminal conduct…"

PSR, p. 21.

Indeed, the government's sentencing memo is laden with the type of "sweeping presumptions" that "are not favored by section 3A1.1." *United States v. Long*, 935 F.2d 1207, 1211 (11th Cir. 1991), *citing*, *United States v. Mejia-Orosco*, 868 F.2d 807 (5th Cir. 1989). The government claims that "Ford targeted minors because they would be less likely to report suspected criminal conduct or authorities." As discussed above, there is no evidence that Defendant specifically targeted minors. Further, as the Probation Officer determined, there is no evidence to suggest that these particular minors were more susceptible to Defendant's actions than anyone else. No Court has found minors, or any other specific class of individuals, to be vulnerable *per se*. Rather, Courts must look to the individual characteristics of each victim to determine whether they have some special vulnerability to this particular type of conduct. The government has not shown, and cannot show, that any of these particular minor victims were more vulnerable to Defendant's actions than any other victim or potential victim in this case. As such, the vulnerable victim enhancement should not apply to Defendant's conduct.

### B. The Government's Request For An Upward Variance/Departure Is Unreasonable

In its sentencing memo, the government employs a scattershot approach, essentially throwing every conceivable argument it can muster, no matter how ludicrous, against the wall and hoping that something will stick and convince this Court that an upward variance or an upward departure to a sentence of ninety-six months is appropriate. For the reasons set forth below, a ninety-six month sentence, which is nearly

double the low-end of the guideline range as calculated in the PSR, is unreasonable and not warranted in this case.

### I.   Upward Variances/Departures Are Exceedingly Rare

Although the sentencing guidelines are advisory, "the use of the Guidelines remains central to the sentencing process" and "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *United States v. Talley*, 431 F.3d 784, 787-788 (11th Cir. 2005). This premise is borne out by the fact that the percentage of cases in which an above guideline sentence is imposed has consistently remained at roughly two percent of all cases both nationally and in the Eleventh Circuit. *See* United States Sentencing Commission's Sourcebook of Federal Sentencing Statistics for the Fiscal Years of 2010 through 2015, Table N-11.

As this Court is aware, much research, study, analysis, thought, and effort go into the development of the sentencing guidelines and one of their main goals is to establish uniformity in sentencing across the country. The guidelines are updated yearly to reflect changing trends in technology and changing attitudes towards certain crimes and their impact on the community. Therefore, any upward variance or departure, especially a 45 month upward adjustment as asked for by the government in this case, must be justified by significantly compelling reasons that are not taken into consideration by the guidelines. No such justification exists in this case.

## II.     The Guidelines Adequately Address Defendant's Conduct

The government puts forth several arguments as to why this Court should depart upward from the applicable guidelines.  These arguments are meritless.

The government first argues that the number of victims in this case warrants an upward departure because there "is no applicable enhancement that reflects the sheer number of victims affected by Ford's conduct." **Doc. 50**, p. 36.  This argument blatantly ignores that the guidelines specifically take into account the number of victims of an offense.  Defendant receives an enhancement due to the number of victims pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i).  Defendant also receives a five-level upward adjustment due to the multiple Counts to which he pled guilty.  *See* PSR, paragraph 154.  Indeed, the victim enhancement is one of the more frequently modified enhancements in the guidelines, underscoring the thought and analysis behind the guidelines' victim enhancement determinations.  As such, it is without question that the guidelines take into consideration the number of Defendant's victims and therefore a departure on this ground is meritless.

The government next argues that an upward departure is warranted because Defendant committed his actions while working for the government thereby "accounting for countless hours of lost productivity at taxpayer expense." **Doc. 50**, p. 36.  This argument is absurd.  The government is not a victim of Defendant's crimes and has made no effort to collect restitution from Defendant for this supposed "lost productivity."

Undersigned counsel have represented numerous public employees on fraud, corruption, and other charges and counsel never have been involved in a case where the government requested an upward departure on this basis. If the Sentencing Commission felt that such an enhancement should exist on this basis, it easily could have enumerated it in the Guidelines.

Further, since being arrested in this case, Defendant has saved the government considerable resources by immediately admitting his conduct and by quickly pleading guilty to all Counts of the Indictment. Therefore, an upward departure is not warranted on this basis and an upward departure of forty-five months is especially unreasonable.

The government also argues that an upward departure is warranted because "the guidelines do not adequately address the intentional infliction of emotional distress that Ford visited on his victims." **Doc. 50**, p. 36. This argument ignores that all cyberstalking crimes, as well as computer crimes and fraud crimes, involve intentional actions by a defendant that result in emotional distress to victims. It also ignores that Defendant receives a two-level enhancement pursuant to U.S.S.G. § 2A6.2(b)(1)(E) because the offense involved a "pattern of activity involving stalking, threatening, harassing, or assaulting the same victim." Further, the guidelines already authorize an upward departure based on emotional distress in certain circumstances that are not applicable to Defendant's case. See U.S.S.G. § 5K2.3 (permitting upward departure if a victim suffers psychological injury much more serious than that normally resulting from commission of

the offense but only in extreme and specific cases).  Therefore, it strains credulity for the government to suggest that the guidelines do not factor in a victim's emotional distress under the applicable guideline sections.

Likewise, the government's reliance on U.S.S.G. § 2A6.2 n.5 is misplaced.  As discussed above, Defendant receives the pattern enhancement as anticipated by the guidelines.  Defendant receives it multiple times for his multiple victims.  Further, Defendant's actions do not trigger any of the other aggravating factors outlined in this enhancement such as the violation of a court protection order; bodily injury; strangling, suffocating, or attempting to strangle or attempting to suffocate; or possession or threatened use of a dangerous weapon.  As such, this enhancement adequately reflects Defendant's conduct and an upward departure on this basis is not warranted.

Finally, the government argues that Defendant should receive an upward departure pursuant to U.S.S.G. § 5K2.21 due to uncharged conduct.  At the outset, U.S.S.G. § 5K2.21 only permits an upward departure to "reflect the actual seriousness of the offense."  As set forth above, the guidelines in this case adequately address the seriousness of Defendant's conduct.  Therefore, no upward departure is warranted.  Additionally, the government essentially is asking this Court to presume that it could have charged Defendant with this underlying conduct and that it could have convicted Defendant of this underlying conduct.  It then asks this Court to sentence Defendant based on this underlying conduct.  The government has total discretion in determining

what charges to bring against any defendant. It seems remarkable that the government would not bring charges that could have enhanced Defendant's sentence, especially given the government's aggressive prosecution of Defendant and its belief that a forty-five month upward adjustment of Defendant's sentence is reasonable. Therefore, the government should not now be allowed to argue that conduct that "may have" resulted in additional charges can be used as a basis for an upward departure of Defendant's sentence.

Therefore, for the reasons set forth above, an upward departure from the guidelines is not warranted in this case.

### III.    An Upward Variance Is Not Warranted Under 18 U.S.C. § 3553(a)

The government argues that the factors set forth in 18 U.S.C. § 3553(a) warrant a forty-five month upward variance of Defendant's sentence. However, such a sentence would be wholly unreasonable.

As set forth above, while the nature and circumstances of the offense are deplorable, they are adequately addressed by the sentencing guidelines. As such, a guideline sentence is reasonable in this case and an upward variance is not.

The government's sole argument regarding Defendant's history and characteristics revolves around a nearly twenty-year old arrest that occurred when Defendant was eighteen years old. No Indictment or Accusation was ever filed related to that arrest and the case subsequently was dismissed. As such, Defendant's conduct would qualify to be

restricted or expunged from his record under current Georgia law. To draw a connection between that arrest and Defendant's current conduct and to then argue for a drastic upward variance based on that arrest is wholly unreasonable. The government knows nothing about this conduct other than what Defendant admitted to law enforcement following his arrest. The Probation Officer correctly calculated Defendant as having a criminal history score of zero. As such, this nearly twenty-year old arrest should not factor into Defendant's sentence at all, and it certainly does not support a drastic upward variance. Further, the government's arguments wholly ignore Defendant's exemplary post-arrest conduct and the support that he has from his friends and family in the community[1]. Therefore, Defendant's history and characteristics support a guideline sentence in this case.

A guideline sentence in this case is a just punishment for Defendant's offenses and provides sufficient specific and general deterrence for Defendant's crimes. A guideline sentence in this case is not an insignificant one. Indeed, the severity of the guidelines was one of the main reasons the government argued for Defendant's initial detention. It is illogical for the government to now argue that these same guidelines are insufficient to deter Defendant's conduct and insufficient to promote respect for the law.

---

[1] The government's later statement that Ford did not actively cooperate with law enforcement is false. As set forth in Defendant's sentencing memorandum, Defendant has assisted law enforcement throughout his prosecution in every possible way. In fact, subsequent offers by Defendant to further cooperate and be debriefed by law enforcement were rejected by the government. Defendant also disputes that his initial three-hour long confession to law enforcement was "largely minimized."

The government's sentencing disparity argument also fails. None of the cases cited by the government in its sentencing memo argue in favor of a ninety-six month sentence. On the contrary, some of the cases cited by the government were also cited by Defendant and clearly illustrate that defendants convicted of similar or even worse conduct than Defendant are receiving sentences far below ninety-six months.

Therefore, for the reasons set forth above, an upward variance is unreasonable and is not supported by the factors set forth in 18 U.S.C. § 3553(a).

**WHEREFORE**, for the foregoing reasons, as well as additional arguments that Defendant will make at his sentencing hearing, Defendant submits that a low-end guideline sentence will satisfy all the factors set forth in 18 U.S.C. § 3553(a). Such a sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing.

**This, the 16th day of March, 2016.**

Respectfully submitted,

*s/ Benjamin Black Alper*
BENJAMIN BLACK ALPER
Georgia Bar No. 940406
Attorney for Defendant Michael Ford

s/ *Howard Jarrett Weintraub*
HOWARD JARRETT WEINTRAUB
Georgia Bar No. 746456
Attorney for Defendant Michael Ford

**LAW OFFICES WEINTRAUB & ALPER, P.C.**
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
law@howardjweintraubpc.com
C:\HJW\Client\M\Ford\ResponseToGovtSentencingMemo

## **CERTIFICATE OF COMPLIANCE**

This is to certify that to the best of my knowledge this document has been prepared with one of the font and point selections approved by the Court in LR 5.1B, pursuant to LR 7. Specifically, the above-mentioned document has been prepared using Times New Roman font, 14 point.

**This, the 16th day of March, 2016.**

>  *s/ Benjamin Black Alper*
> BENJAMIN BLACK ALPER
> Georgia Bar No. 940406
> Attorney for Defendant Michael Ford

**LAW OFFICES WEINTRAUB & ALPER, P.C.**
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
law@howardjweintraubpc.com
C:\HJW\Client\M\Ford\CertificateOfCompliance

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|                             ) | |
| Plaintiff,   ) | |
|                             ) | |
| vs.   ) | CASE NO.: 1:15-CR-00319-ELR-RGV |
|                             ) | |
| MICHAEL FORD,   ) | |
|                             ) | |
| Defendant.   ) | |
|                             ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 16, 2016, I electronically filed this document using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Respectfully submitted,

*s/ Benjamin Black Alper*
BENJAMIN BLACK ALPER
Georgia Bar No. 940406
Attorney for Defendant Michael Ford

**LAW OFFICES WEINTRAUB & ALPER, P.C.**
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
law@howardjweintraubpc.com
C:\HJW\ClientMFord\CertificateOfService